Filed 9/23/13  P. v. Watts CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071486 |
| v. | (Super. Ct. No. 62002697) |
| JAMES ROBERT WATTS, | |
| Defendant and Appellant. | |

A jury convicted defendant James Robert Watts in 1999 of four counts of forcible rape (Pen. Code, § 261, subd. (a)(2)),[1] penetration by a foreign object (§ 289, subd. (a)), assault with a deadly weapon likely to produce great bodily injury (§ 245, subd. (a)(1)), attempting to dissuade a witness (§ 136.1, subd. (c)(1)), and misdemeanor battery (§ 242).  (*People v. Watts* (Dec. 15, 2000, C034074) [nonpub. opn.] at p. 1.)  The jury also sustained great bodily injury, deadly weapon and one strike allegations against

---

[1]  Undesignated statutory references are to the Penal Code.

1

defendant (§§ 12022.8, 12022.7, subd. (a), 12022.3, subd. (a), 12022, subd. (b)(1), former 667.61, subds. (a), (b), and (e)). The trial court sentenced defendant to 117 years to life in prison.

In an unpublished opinion, this court struck a one year weapons enhancement and affirmed the judgment as modified. (*People v. Watts*, *supra,* C034074 [nonpub. opn.] at p. 11.)

The California Department of Corrections and Rehabilitation (CDCR) subsequently sent a letter to the trial court in May 2012 identifying an error in defendant's sentence. The letter said the trial court imposed a consecutive one-year term (one-third the three year middle term) on count four [attempting to dissuade a witness by force] (§ 136.1, subd. (c)(1)), but section 1170.15 provides that if a consecutive term is imposed for a violation of section 136.1, the trial court must impose a full middle term.

At a June 20, 2012 resentencing hearing, the trial court modified the sentence to impose a three-year consecutive term for the section 136.1 conviction on count four. The trial court prepared an amended abstract of judgment reflecting the modified judgment.

Defendant appeals, arguing he must be resentenced again because (1) the trial court did not understand that it had discretion to impose a concurrent term on count four, (2) defense counsel was ineffective in failing to argue for a lower sentence at resentencing, and (3) the amended abstract of judgment must be corrected to reflect defendant's time in custody before resentencing.

We conclude (1) given the context of the trial court's statements at resentencing, the trial court understood and properly exercised its discretion; (2) defendant's claim of ineffective assistance fails because he has not established prejudice; and (3) we will remand the matter and direct the trial court to calculate and award any presentence credit to which defendant is entitled.

In all other respects we will affirm the judgment.

BACKGROUND

When defendant initially appeared for the resentencing hearing, the trial court informed defendant that CDCR identified a sentencing error. The trial court then said: "[T]hey pointed out correctly that you were convicted of dissuading . . . a witness by force, and that requires under the Code a full consecutive middle term, not on a one-third middle consecutive term. It makes a difference of two years, but I'm required to impose that additional time, at least as [CDCR] has interpreted that, and that's how I have interpreted it. [¶] You are here without an attorney. If you want to have consultation with an attorney, I'm very happy to give you that opportunity. In my opinion, it's a legal issue that is, -- I don't have discretion. I have to impose the additional two-year period, but there may be a different view on this."

Defendant said he wanted counsel, and the trial court appointed counsel for the resentencing hearing. The matter was continued until 1:30 p.m. that day so defendant could speak with his attorney.

When the hearing reconvened at 1:30 p.m., the trial court said to defense counsel: "[Y]ou understand the circumstances, based upon the letter from [CDCR], dated May 14th of this year, regarding essentially the unauthorized sentence imposed by this Court, erroneously imposing a one-third midterm sentence on the Penal Code Section 136.1(c)(1) violation, rather than the full term midterm. And because it's an unauthorized sentence, the Court is obligated to correct that error whenever it is brought to its attention. [¶] And so it would be my intent, subject to any further comment that you might have, to in fact correct that error, to impose a three-year midterm on Count 4, rather than a one-year reduced term."

Defense counsel did not object to the three-year term in count four. Defense counsel, the prosecutor and the trial court spent the remainder of the hearing discussing this court's prior opinion and its effect on the sentence.

3

DISCUSSION

I

Defendant contends the matter must be remanded for resentencing again because the trial court did not understand that it had discretion to impose a concurrent term on count four.

Section 1170.15 states: "Notwithstanding subdivision (a) of Section 1170.1 which provides for the imposition of a subordinate term for a consecutive offense of one-third of the middle term of imprisonment, if a person is convicted of a felony, and of an additional felony that is a violation of Section 136.1 or 137 and that was committed against the victim of, or a witness or potential witness with respect to, or a person who was about to give material information pertaining to, the first felony, or of a felony violation of Section 653f that was committed to dissuade a witness or potential witness to the first felony, the subordinate term for each consecutive offense that is a felony described in this section shall consist of the full middle term of imprisonment for the felony for which a consecutive term of imprisonment is imposed, and shall include the full term prescribed for any enhancements imposed for being armed with or using a dangerous or deadly weapon or a firearm, or for inflicting great bodily injury."

Defendant correctly points out that a trial court retains the discretion to impose a concurrent term for a violation of section 136.1. Defendant claims the trial court's comments during the resentencing hearing indicate that it did not understand this discretion. We disagree.

The trial court understood and exercised its discretion in imposing the consecutive sentence on count four. The trial court's comments at resentencing were merely to explain to defendant and his counsel that when a consecutive sentence is imposed on a conviction for a violation of section 136.1, section 1170.15 requires the trial court to impose the full middle term. The trial court was explaining why it needed to change the unauthorized portion of the sentence.

4

Given the context of the trial court's statements, we conclude the trial court understood and properly exercised its discretion at resentencing.

## II

Defendant next contends his appointed counsel was ineffective in failing to argue for a lower sentence at resentencing.

But defendant has not established prejudice, an essential element of an ineffective assistance claim. (*In re Avena* (1996) 12 Cal.4th 694, 721.) Defendant has not shown, and nothing in the record indicates, that there was a reasonable probability that defendant would have obtained a more favorable result had defense counsel argued for a lower sentence.

## III

Defendant further contends the abstract of judgment must be corrected to reflect defendant's time in custody before resentencing. The People acknowledge that the trial court should be directed to prepare an amended abstract of judgment reflecting presence credits.

"[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, original italics.)

We will remand the matter and direct the trial court to calculate and award any presence credit to which defendant is entitled and to prepare a second amended abstract of judgment reflecting defendant's presence credit.

## DISPOSITION

The matter is remanded to the trial court with directions to calculate and award any presence credit to which defendant is entitled, and to prepare a second amended abstract of judgment reflecting defendant's presence credit. The trial court shall

5

forward a certified copy of the second amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                                   _____MAURO_____, J.


We concur:


_____NICHOLSON_____, Acting P. J.


_____DUARTE_____, J.